IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAWN ROBERT HOOPER,

                Plaintiff,

  v.                                        OPINION and ORDER

NICHOLAS CHAFER and WISCONSIN
DEPARTMENT OF CORRECTIONS, DIVISION OF      25-cv-670-jdp
COMMUNITY CORRECTIONS,

                Defendants.

---

Plaintiff Shawn Hooper, proceeding without counsel, asserts that his probation officer prohibited him from contacting his wife, in violation of a judge's order, and then revoked his parole after Hooper violated the no-contact rule. Hooper has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Hooper's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Hooper's allegations are cursory. He says that the sentencing judge in his criminal case "expressly ordered that [Hooper] could have contact with his wife." Dkt. 1, at 2. Nevertheless, probation officer Nicholas Chafer prohibited Hooper from contacting his wife and revoked his probation after he violated the no-contact rule. Hooper was incarcerated for almost two years after his probation was revoked. Hooper's wife died while he was incarcerated.

Hooper's claims are barred under *Heck v. Humphrey*. 512 U.S. 477, 486–87 (1994). *Heck* held that if a plaintiff "seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487; *see also Courtney v. Butler*, 66 F.4th 1043, 1050 (7th Cir. 2023). *Heck* applies to § 1983 claims for damages based on the revocation of probation. *Lynch v. Wis. Dep't of Corr.*, No. 23-cv-801-wmc, 2024 WL 1636700, at *1 (W.D. Wis. Apr. 16, 2024); *Henry v. Whiteaker*, No. 21-cv-137-bbc, 2021 WL 1667659, at *1 (W.D. Wis. Apr. 28, 2021).

Hooper says that Chafer unlawfully restricted Hooper's contact with his wife, revoked his probation in violation of a court order, and caused him to be wrongfully incarcerated for two years. A judgment in Hooper's favor on any of those counts would necessarily imply the invalidity of Hooper's revocation, which hasn't been overturned.

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted "if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). *Heck* bars the complaint, so further amendment would be futile. If Hooper's conviction is ultimately overturned, he could bring a new § 1983 case at that time.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED without leave to amend pursuant to *Heck*.

2. The clerk of court is directed to enter judgment and close this case.

Entered February 17, 2026.

                            BY THE COURT:

                            /s/

                            _____
                            JAMES D. PETERSON
                            District Judge